IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-1158-WJM-STV

SALAHUDDIN BUKHARI HALL,

    Plaintiff,

v.

U.S. ENGINEERING CONSTRUCTION, LLC,

    Defendant.

## ORDER ADOPTING JULY 21, 2022 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

    This matter is before the Court on the July 21, 2022 Recommendation by United States Magistrate Judge Scott T. Varholak (the "Recommendation") (ECF No. 91) that the Court grant Defendant U.S. Engineering Construction, LLC's Motion for Summary Judgment ("Motion") (ECF No. 48). The exhaustive and detailed Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the following reasons, the Recommendation is adopted in its entirety.

    When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the District Judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed within fourteen days of the Magistrate Judge's recommendations and specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street,* 73 F.3d 1057,

1059 (10th Cir.1996) (quoting *Thomas v. Arn,* 474 U.S. 140, 147 (1985)).  In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate."  *Summers v. Utah,* 927 F.2d 1165, 1167 (10th Cir.1991) (citing *Arn,* 474 U.S. at 150).

Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings.  *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972).  The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

In this case, Plaintiff filed a timely Objection to the Recommendation.  This Objection, however, contains no specific objections to Judge Varholak's legal or factual findings.  (*See* ECF No. 99.)  In Plaintiff's two-page Objection, he recites several of the facts of the case and concludes: "I feel that I deserve my time in front of a jury."  (*Id.* at 1.)  Nowhere in his Objection, however, does Plaintiff articulate the specific bases for any challenge to Judge Varholak's factual findings or legal conclusions.  The Court notes that Judge Varholak's Recommendation was based on Plaintiff's two-page response to Defendant's Motion for Summary Judgment, in which Plaintiff also did not respond to Defendant's arguments.  (*See* ECF No. 47.)

In the absence of timely and specific objections, the Court need not engage in a *de novo* review.  *See Summers,* 927 F.2d at 1167.  The Court is satisfied there is no clear error on the face of the record.  *See Hoodenpyle v. United States*, 2009 WL 3202247, at *1 (D.Colo. Sept. 30, 2009) ("In the absence of a specific objection, I will review [the magistrate judge's] recommendation . . . to satisfy myself that there is

no clear error on the face of the record.") (internal quotation marks omitted); *Pappas v. Frank Azar & Assocs., P.C.,* 2008 WL 652236, at *2 (D.Colo. Mar. 10, 2008) ("[O]bjections to a Magistrate Judge's ruling must specifically identify the reasons why the Magistrate Judge's ruling is allegedly in error."). There being no clear error on the face of the record, the Court overrules the Objection and adopts the Recommendation in its entirety.

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's Objection to the Recommendation (ECF No. 99) is OVERRULED;

2. The Magistrate Judge's Recommendation (ECF No. 91) is ADOPTED;

2. Defendant's Motion for Summary Judgment (ECF No. 48) is GRANTED;

3. The Clerk of the Court shall enter judgment in favor of Defendant; and

4. All parties are to bear their own costs.

Dated this 9th day of September, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge